The Honorable Shane Broadway Speaker of the House of Representatives 83rd General Assembly 201 S.E. Second Street Bryant, AR 72022-4025
Dear Mr. Speaker:
I am writing in response to your request for my opinion on the following question:
 If a city employee resigns a position with a city because the employee checked positive in a drug test and the same employee resigns as a volunteer fireman, should this employee be placed back as a volunteer fireman and this volunteer responds to a fire call using a private vehicle and the volunteer fireman is involved in a traffic accident and is tested for drugs and/or alcohol, what liability does the city assume by placing the fireman back on the fire department knowing that the fireman had already checked positive at a previous time?
RESPONSE
Under state law, municipalities are immune from tort liability except to the extent of their insurance coverage. I lack information sufficient to determine either the extent, if any, of the city's liability coverage on the volunteer's private vehicle or whether the city faces any exposure as a self-insurer under these circumstances. The city might further face liability under federal law, 42 U.S.C. § 1983, for the violation of a clearly established statutory or constitutional right. The determination of whether any such violation occurred is a question of fact that I cannot address.
DISCUSSION
Section 21-9-301 of the Arkansas Code provides that municipalities shall be immune from liability and from suit except to the extent that they are covered by liability insurance. Section 21-9-303(a) of the Code dictates that municipalities either self-insure or carry liability insurance on their vehicles in the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act, § 27-19-101 et seq.
I have found no authority that indicates whether a volunteer fireman's personal vehicle will be considered a municipal vehicle when used to transport the fireman to or from a fire.[1] If so, the city's exposure will be as outlined in the preceding paragraph. The individual firefighter, of course, has a responsibility to maintain the required minimum liability insurance on his personal vehicle. A.C.A. § 27-22-104. The "combined maximum liability of local government employees, volunteers, and the local government employer in any action involving the use of a motor vehicle within the scope of their employment shall be the minimum amounts prescribed in the Motor Vehicle Responsibility Act . . . unless the political subdivision" carries insurance or self-insures in a higher amount. A.C.A. § 21-9-303(b).
Finally, even assuming state statutory immunity applies, the city still faces potential liability under 42 U.S.C. § 1983, which provides redress for any deprivation of a federal statutory or constitutional right under color of law. As stated in Rainey v. Hartness, 339 Ark. 293, 299,5 S.W.3d 410 (1999):
 Generally, government officials performing discretionary functions are granted a qualified immunity from suit under section 1983 and are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Wilson v. Layne, No. 98-83, 526 U.S. ___, ___, slip op. at 4-5 (May 24, 1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).
However, this qualified immunity applies only to individuals, not municipalities. Mosier v. Robinson, 722 F.Supp. 1245 (E.D. Ark. 1989) (county not immune from § 1983 civil rights actions); see generally,Anderson v. Creighton, 483 U.S. 635 (1987). Although the facts of this particular situation may not support any cause of action based upon42 U.S.C. § 1983, you should be aware that the city is not immune from any such action.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] A trier of fact may be less concerned about who owns a vehicle involved in an accident than whether an agent of the municipality proximately caused injury using a vehicle. See, e.g., City of Caddo Valleyv. George, ___ Ark. ___, ___ S.W.3d ___ (99-182, January 27, 2000) (city and police officers held liable to amount of insurance when pursuit caused accident between two other vehicles).